JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mathew Manarino,<br><br>Plaintiff,<br><br>-against-<br><br>Equifax Information Services, LLC<br>Bank of America, N.A.,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mathew Manarino ("Plaintiff"), by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Bank of America, N.A., ("BOA") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of California, County of Los Angeles.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of California, and may be served with process upon The Prentice-Hall Corporation, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Bank of America, N.A., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon CT

Corporation System, its registered agent for service of process at 330 N. Brand Blvd, Suite 700, Glendale, CA 91203.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### BOA account Dispute and Violation

11. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his BOA account (Account # 44006690xxxx).

12. The inaccurate information furnished by Defendant BOA and published by Equifax is inaccurate since the account contains an incorrect payment status of "charged off."

13. Upon information and belief, the Plaintiff's account was paid and closed.

14. Despite this, and the fact that the Plaintiff no longer had an obligation to BOA, Equifax continues to report the Plaintiff's payment status as "charged off."

15. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

16. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

17. Furthermore, no where on the tradeline does it reference that the account was in fact paid.

18. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting on or around January 20, 2022.

20. It is believed and therefore averred that Equifax notified Defendant BOA of the Plaintiff's dispute.

21. Upon receipt of the dispute of the account from Equifax, BOA failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

22. Had BOA done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to BOA that the current payment status was improperly listed as "charged off.," and not listed as paid.

23. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

24. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

25. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that the payment status was improperly listed.

26. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

27. As a result of the Defendants failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

### FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

28. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

29. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

30. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

31. Equifax has willfully and recklessly failed to comply with the Act. The failures of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

32. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

33. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

34. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Mathew Manarino, an individual, demands judgment in his favor

against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Equifax)**

35. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

37. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

38. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

39. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Mathew Manarino, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to BOA)**

42. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

43. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

44. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

45. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

46. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed must report the results to other agencies which were supplied such information.

47. The Defendant BOA violated 15 U.S.C. § 1681s2-b by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

48. Specifically, the Defendant BOA continued to report this account as "charged off," and not as paid account, on the Plaintiff's Equifax credit report after being notified of his dispute regarding the current payment status.

49. As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

50. The conduct, action and inaction of Defendant BOA was willful, rendering Defendant BOA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Mathew Manarino, an individual, demands judgment in his favor against Defendant BOA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to BOA)**

52. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

54. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must report the results to other agencies which were supplied such information.

57. Defendant BOA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

58. After receiving the Dispute Notice from Equifax, Defendant BOA negligently failed to conduct its reinvestigation in good faith.

59. A reasonable investigation would require a furnisher such as Defendant BOA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

60. The conduct, action and inaction of Defendant BOA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

61. As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Mathew Manarino, an individual, demands judgment in his favor against Defendant BOA, for damages together with attorney's fees and court costs pursuant to 15

U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

63. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 27, 2022

          THE LAW OFFICES OF
          JONATHAN A. STIEGLITZ

          By:    /s/ Jonathan A Stieglitz
          Jonathan A Stieglitz